**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KNIFE RIVER CORPORATION - SOUTH,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3:21-cv-01344-B** |
| **ZURICH AMERICAN INSURANCE COMPANY and AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,** | § § § § § | |
| **Defendants.** | § § | |

**PLAINTIFF KNIFE RIVER CORPORATION – SOUTH's
MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT ON
DEFENDANT INSURERS' PREVIOUSLY-ADJUDICATED DUTY TO DEFEND AND
FOR AWARD OF ALL RECOVERABLE COSTS OF DEFENSE**

Plaintiff Knife River Corporation - South ("KRC") respectfully files this Motion for Partial Summary Judgment and Brief in Support on Defendant Insurers' Previously-Adjudicated Duty to Defend and For Award of All Recoverable Costs of Defense under Fed. R. Civ. P. 56 as follows:

**I.   INTRODUCTION & COURT'S GOVERNING MARCH OPIINION**

1.      Just last month, the Court issued its Memorandum Opinion and Order denying the Insurers' Motion to Dismiss for Failure to State a Claim and holding that KRC had pleaded a viable claim for insurer breach of the duty to defend after carefully "confin[ing] its duty-to-defend analysis to the eight corners of the Underlying Petition and the Zurich Policy." Apx. 1 Opinion [Doc. 31 p. 18] (Court's Opinion, referenced Exhibits and referenced Doc. No. items incorporated herein by reference as if fully set forth).

2.      This lawsuit is an insurance coverage dispute arising out of a lawsuit filed by Emmett

Gonzales, Jr. and Leticia Gonzales in the 13th Judicial District Court of Navarro County, Texas, bearing cause number D19-28045-DV and styled Emmett Gonzales, Jr. and Leticia Gonzales v. Knife River Corporation – South, Tex Op Construction (GP), LLC, Tex Op Construction, LP, and AWP, Inc. (the "Underlying Lawsuit").

3.   The Court reasoned as follows in its Opinion denying the Motion to Dismiss:

The Underlying Petition claimed:

> Defendants are jointly and severally responsible for the acts and/or omissions of its respective agents, employees, servants, ostensible agents, and/or representatives through the theories of employment, agency, respondeat superior, ostensible agency, apparent agency, actual agency, and/or other agency and/or vicarious responsibility principles.

Doc. 17-3, Gonzales 2d Am. Pet., ¶ 26. So while the Insurers rely on cases in which plaintiffs alleged liability based on respondeat superior, the allegations here are broader and might trigger Zurich's duty to defend.[8]

For example, the Underlying Petition alleges that "Defendants"——a designation which includes both KRC and AWP—are jointly and severally liable for the actions of others under Texas's doctrine of "ostensible agency." Id. Under this theory, a principal may be estopped from denying liability for a subcontractor's actions if a representation by the principal has caused justifiable reliance on the actions of a subcontractor—even an independent contractor who controls the manner and means of his own activities, as the Insurers claim AWP did. *See Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947–48 (Tex. 1998). The Underlying Petition claims that "Defendants" were responsible for the allegedly hazardous sign placement in KRC's construction zone. Doc. 17–3, Gonzales 2d Am. Pet., ¶¶ 14, 26, 32, 40, 43. So, the Underlying Petition arguably alleges that KRC was liable for AWP's negligent acts, within KRC's construction zone, under a theory of ostensible agency. Further, KRC has pleaded that it is the sign-related allegations in the underlying petition that potentially trigger Zurich's duty to defend. *C.f. Union Pac. R.R. Co. v. Brown*, 2018 WL 6624507, at *5 (Tex. App.—San Antonio Dec. 19, 2018, no pet.) (upholding a district court's decision to g r a n t   summary j u d g m e n t   b a s e d   on t h e A n t i -Indemnity Statute   where   the appellant-defendant "[did] not identify any pleading in which any party has asserted that [it was] liable for the negligence or fault of any other party").

All in all, taking KRC's pleadings as true, comparing the language of the Zurich and AGLIC Policies with the Underlying Petition's allegations, and giving the benefit of any doubt regarding coverage to the alleged insured, the Court cannot now conclude that Zurich

has no duty to defend KRC in the Underlying Lawsuit. *See Nat'l Union Fire Ins. Co.*, 939 S.W.2d at 141 ("[I]n case of doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will be resolved in [the] insured's favor.") (quoting *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965)); see also *Willoughby Hills*, 9 Ohio St.3d at 180, 459 N.E.2d 555 ("[W]here the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage had been pleaded, the insurer must accept the defense of the claim.").

Therefore, the Court declines to dismiss KRC's claims on this basis.

4.      The Court's March Opinion, quoted *supra*, now provides the legal paradigm for granting Plaintiff KRC's Motion for Partial Summary Judgment on the Insurers' duty to defend and for an award of all recoverable costs of defense. Apx. 1 Opinion.

## II. ARGUMENT & AUTHORITIES

A.      **Insurance Policies and Underlying Petition**

5.      <u>Zurich Policy</u>

"Zurich issued [a] $2M per occurrence Commercial General Liability Policy . . . to AWP for the period June 15, 2018, to June 15, 2019 (the 'Zurich Policy')." Apx. 1 Opinion [Exhibit 1 and Doc. 14., Am. Compl., ¶ 18]. The Zurich Policy covers damages arising out of covered claims for bodily injury and provides that Zurich has a duty to defend suits presenting such claims:

1. Insuring Agreement

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply. . . . This insurance applies to "bodily injury" . . . only if:
The "bodily injury" . . . is caused by an "occurrence" . . . ;
The "bodily injury" . . . occurs during the policy period . . . .

Exhibit 1 and Doc. 1-2, Zurich Policy, 2.

6.      Additionally, the Zurich Policy contains certain exclusions, as well as

exclusions to the exclusions:

> 2. Exclusions
>
> This insurance does not apply to: . . .
> "Bodily injury" . . . for which the insured is obligated to pay damages by reason of the
> assumption of liability in a contract or agreement. This exclusion does not apply to
> liability for damages:
> (1) That the insured would have in the absence of the contract or agreement; or
> (2) Assumed in a contract or agreement that is an "insured contract", provided the
> "bodily injury" . . . occurs subsequent to the execution of the contract or agreement.

*Id.* at 3.

7.      The Zurich Policy also includes the definition:

> "Insured contract" means: . . .
> That part of any other contract or agreement pertaining to your business . . . under
> which you assume the tort liability of another party to pay for "bodily injury" . . . to a
> third person or organization. Tort liability means a liability that would be imposed by
> law in the absence of any contract or agreement . . . .

*Id.* at 14.

8.      Finally, the Zurich Policy includes an "automatic" additional-insured

clause:

> Additional Insured – Automatic – Owners, Lessees Or Contractors
>
> A. Section II – Who Is An Insured is amended to include as an additional insured any
> person or organization whom you are required to add as an additional insured on this
> policy under a written contract or written agreement. Such person or organization is
> an additional insured only with respect to liability for "bodily injury"
> . . . caused, in whole or in part, by:
> 1. Your acts or omissions; or
> 2. The acts or omissions of those acting on your behalf, in the performance of your
> ongoing operations or "your work" as included in the "products completed operations
> hazard", which is the subject of the written contract or written agreement.

However, the insurance afforded to such additional insured:
1. Only applies to the extent permitted by law; and
2. Will not be broader than that which you are required by the written contract or written agreement to provide for such additional insured.
….

This insurance is primary to and will not seek contribution from any other insurance available to an additional insured provided that: . . .You are required by written contract or written agreement that this insurance be primary and not seek contribution from any other insurance available to the additional insured . . . .

*Id.* at 28–29.

9.   AGLIC Policy

"Zurich affiliate AGLIC issued [a] $25M per occurrence Commercial Umbrella Liability Policy . . . to AWP, with a policy period of June 15, 2018, to June 15, 2019" (the "AGLIC Policy"). Apx. 1 Opinion [Exhibit 1 and Doc. 14, Am. Compl., ¶ 22]. The AGLIC Policy covers certain damages in excess of the Zurich policy and provides in pertinent part:

A. Coverage A – Excess Follow Form Liability Insurance

Under Coverage A, we will pay on behalf of the insured those damages covered by this insurance in excess of the total applicable limits of underlying insurance. With respect to Coverage A, this policy includes:
1. The terms and conditions of underlying insurance to the extent such terms and conditions are not inconsistent or do not conflict with the terms and conditions referred to in Paragraph 2. below; and
2. The terms and conditions that apply to Coverage A of this policy. Notwithstanding anything to the contrary contained above, if underlying insurance does not apply to damages, for reasons other than exhaustion of applicable Limits of Insurance by payment of loss, then Coverage A does not apply to such damages.

Exhibit 1 and Doc. 1-3, AGLIC Policy, 14. (Because coverage under the AGLIC policy depends on coverage under the Zurich Policy ("follows form"), the Court does not analyze it separately in its March Opinion.)

10.   The Underlying Petition Allegations

The Underlying Petition alleges in pertinent part that:

- Defendants failed to properly backfill, slope, or otherwise make the edge safe, and failed to place proper warning signs—in direct violation of [TxDOT's] contractual plans and requirements for the project. Exhibit 1 and Doc. 17-3, Gonzales 2d Am. Pet., ¶ 17.

- [KRC] had a contract with [TxDOT] for the project . . . and AWP, Inc. [was] w o r k i n g as [a] subcontractor[] u n d e r the direction and control of [KRC]. *Id.* ¶ 18.

- Defendants breached the duty of care, including but not limited to, [by] . . . [f]ailing to place proper signage. *Id.* ¶¶ 26, 40.

- Defendants' negligence was the direct and proximate cause of serious injuries to Plaintiffs. *Id.* ¶ 21.

- Defendants are jointly and severally responsible for the acts and/or omissions of its respective agents, employees, servants, ostensible agents, and/or representatives through the theories of employment, agency, respondeat superior, ostensible agency, apparent agency, actual agency, and/or other agency and/or vicarious responsibility principles. *Id.* ¶ 26.

- Defendants undertook . . . to render services to another which they should have recognized as necessary for the protection of a third person . . . including . . . entering into a contract with [TxDOT] that required Defendants to . . . place proper warning signs . . . .[and] fail[ed] to exercise reasonable care to perform the undertaking . . . . *Id.* ¶¶ 29–30.

- The harm to [the Underlying Plaintiffs] was suffered because of reliance upon the undertaking, including . . . Defendants' failure to place proper warning signs. *Id.* ¶ 32.

- Defendants' . . . failure to place proper signage after the roadway was stripped created a condition that posed an unreasonable risk of harm to persons using the roadway. *Id.* ¶ 37.

- Defendants . . . show[ed] a reckless indifference . . . or . . . reckless disregard to the consequences to [the Underlying Plaintiffs] . . . [by] . . . failing to place proper signage. *Id.* ¶ 43.

**B. Insured KRC's Entitlement to Summary Judgment Enforcing the Duty to Defend and Awarding All Recoverable Costs of Defense**

11.     Applying the Eight-Corners Rule and "comparing the language of the Zurich and AGLIC Policies with the Underlying Petition's allegations" [Apx. 1 Opinion (citing Doc. 31 at 19)], the Court should grant KRC summary judgment holding that the insurers' had a duty to defend KRC, failed to perform that duty, and should suffer judgment for all KRC's recoverable costs of defense as proven up through the attached Texas Attorney Declarations at Apx. 2 and Apx. 3 (incorporated herein by reference as if fully set forth).

12.     The principal sum of Plaintiff KRC's proven costs of defense relative to the Underlying Lawsuit and reflected, *inter alia*, in the Underlying Petition is $ 507,449.70 before applicable awards of pre-judgment and post-judgment interest.

### IV. SUMMARY JUDGMENT EVIDENCE (separate appendix)

14.     Apx. 1 (Court's Opinion of March 2022)

15.     Apx. 2 and Apx. 3 (Declarations of Texas Attorney's Proving Up Recoverable Costs of Defense Re the Underlying Lawsuit and Underlying Petition)

16.     Apx. 4 (Declaration of Texas Attorney Proving Up Apx. 1-3)

### V. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff KRC prays for partial summary judgment granting the foregoing Motion: (1) declaring the rights and obligations of the parties as requested above; (2) awarding to KRC as damages all reasonable fees and expenses incurred as a result of Defendant Zurich's and Defendant AGLIC's breaches of the duty to defend the Underlying Lawsuit; (3) awarding to KRC pre-judgment and post-judgment interest on all its recoveries along with all taxable costs of court; and (4) granting such other and further relief, both at law and in equity, as KRC may show itself justly entitled. Respectfully, and as always, the foregoing Motion for

Partial Summary Judgment is submitted without waiver of, and expressly subject to, all positions,

rights, remedies, objections and challenges in any and all tribunals.

Dated: May 3, 2022.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

*/s/ Thomas W. Fee*

**Thomas W. Fee**
State Bar No. 06873160
**James J. McGoldrick**
State Bar No. 00797044
**Meredith C. Allen**
State Bar No. 24007009
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-934-9100
972-934-9200 [Fax]
tfee@feesmith.com
jmcgoldrick@feesmith.com
mallen@feesmith.com

**ATTORNEYS FOR PLAINTIFF**
**KNIFE RIVER CORPORATION – SOUTH**

<u>**CERTIFICATE OF SERVICE**</u>

  I hereby certify that on this 3rd day of May, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic filing system sent a notice of electronic filing to the attorneys of record below who have consented in writing to accept this notice as service of this document by electronic means.

   Blair Dancy — bdancy@cstrial.com
   Michael D. Moody — mmoody@cstrial.com
   CAIN & SKARNULIS PLLC
   400 West 15th Street, Suite 900
   Austin, Texas 78701

         */s/ Thomas W. Fee*
         **Thomas W. Fee**